



```
                                              FILED
                                            JUL - 3 2006
                                       UNITED STATES BANKRUPTCY COURT
                                       EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RICHARD SHIELDS,<br><br>    Debtor. | Case No. 06-21524-A-11<br><br>Docket Control No. UST-1<br><br>Date: July 3, 2006<br>Time: 9:00 a.m. |

**MEMORANDUM**

    The United States Trustee's motion to dismiss the petition will be granted because the individual chapter 11 debtor, Richard Shields, did not obtain a credit counseling briefing before filing his petition as required by 11 U.S.C. § 109(h)(1). In addition, the debtor has not shown that one of the exemptions under sections 109(h)(2), (h)(3) or (h)(4) applies to him. As a result, the debtor is not eligible for bankruptcy relief.

    The debtor filed the instant petition on May 11, 2006, but did not complete the credit counseling requirements of section 109(h)(1) until May 12, 2006.

    Creditor Stohlman & Rogers, Inc., dba Lakeview Petroleum ("S&R"), opposes dismissal on the ground that dismissal would prejudice the creditors because the estate would lose the right to avoid pre-petition transfers and recover property transferred by the debtor after the petition was filed. S&R requests that

the court appoint a trustee due to the debtor's failure to disclose these transfers. In support of its position, S&R cites a recent case, In re Echols, Case No. 06-20226, decided by Judge Christopher Klein of this court.

The debtor also opposes dismissal but on the ground that exigent circumstances warranted filing the petition without first receiving a credit counseling briefing. The exigency was created by a looming foreclosure of real property. The petition date was the last day for the debtor to preserve his right to reinstate a loan secured by a commercial real property in Gridley, California ("Gridley Property"), subject to a foreclosure sale scheduled for May 17, 2006. According to the debtor, the Gridley Property has approximately $1,000,000 of equity that could be used to pay all creditors of the estate in full.

An individual is prohibited by section 109(h)(1) from being a debtor under any chapter unless that individual has, during the 180 days preceding the filing of the petition, received a "briefing" from an "approved nonprofit budget and credit counseling agency." See In re Fuller, 2005 WL 3454699 (Bankr. W.D. Pa. 2005); In re Rodgers, 2005 WL 3454702 (Bankr. W.D. Pa. 2005); In re Stidham, 2005 WL 3454709 (Bankr. W.D. Pa. 2005); In re Childs, 335 B.R. 623 (Bankr. D. Md. 2005); In re Davenport, 335 B.R. 218 (Bankr. M.D. Fla. 2005); In re Wallace, 338 B.R. 399 (Bankr. E.D. Ark. 2006). The credit counseling requirement does not violate an individual's equal protection rights under the 14th Amendment of the U.S. Constitution because corporate debtors are not required to receive such counseling. See Hedquist v. Fokkena (In re Hedquist), 2006 WL 1042429 (B.A.P. 8th Cir. 2006).

The debtor in this case did not receive a briefing before he filed his petition.

Before the court turns to the question of whether the debtor's failure to comply with section 109(h)(1) requires dismissal, the court will examine whether any of the exceptions of section 109(h)(1) apply.

The debtor has not argued, or even attempted to argue, that the exemptions provided by section 109(h)(2) or section 109(h)(4) apply in this case.

If the United States Trustee determines that the approved nonprofit budget and credit counseling agencies for the district are not reasonably able to provide adequate services, section 109(h)(2)(A) exempts the debtor from the briefing requirement. Such a determination by the United States Trustee is not a case-by-case determination. Rather, it is a determination that is made generally and that must be reviewed not less than annually. See 11 U.S.C. § 109(h)(2)(B).

The United States Trustee has not made a determination for this district that credit counseling agencies are not able to provide adequate services. Hence, an exemption under section 109(h)(2) is unavailable in this case.

If the court determines, after notice and a hearing, that the debtor cannot satisfy the requirements of section 109(h)(1) because of incapacity, disability, or active military duty in a combat zone, it may grant an exemption from the briefing requirement. See 11 U.S.C. § 109(h)(4). "Incapacity" is defined as impairment by reason of mental illness or mental deficiency such that the debtor is incapable of realizing and making

-3-

rational decisions with respect to his or her financial responsibilities. A "disability" requires that the debtor be so physically disabled as to be unable, after reasonable effort, to participate in an in-person, telephone, or Internet briefing.

There is no evidence in this case that the debtor is entitled to an exemption under section 109(h)(4).

A debtor may also "submit" a "certification" of exigent circumstances meriting, to the satisfaction of the court, a waiver of the briefing if it also indicates that the debtor requested a pre-filing briefing but was unable to obtain the counseling services within 5 days of the request. See 11 U.S.C. § 109(h)(3)(A). This certification must describe the attempts that were made to obtain a briefing prior to filing the petition. See In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005); In re Rodriquez, 336 B.R. 462 (Bankr. D. Idaho 2005).

Here, the debtor filed a Certification of Exigent Circumstances ("Certification") on the petition date, stating that an exigency exists because the petition date was the last day for him to preserve his right to reinstate a loan secured by the Gridley Property. The debtor had been negotiating a voluntary 60-day postponement of the foreclosure sale, but those negotiations broke down "in the last three days prior to the filing of the [p]etition."

The several courts that have tackled the recently enacted section 109(h) are split over what constitutes exigent circumstances for purposes of section 109(h)(3)(A)(i). On one hand, some courts have required only a showing of "some looming event that renders prepetition credit counseling . . .

infeasible." See In re Childs, 335 B.R. 623, 630 (Bankr. D. Md. 2005). On the other hand, some courts have required the debtor to explain why he waited until the petition date to obtain credit counseling. When a debtor is aware of a pending foreclosure, but nonetheless waits until the day before the scheduled sale date to seek credit counseling, the debtor has failed to prove exigent circumstances. See In re Dixon, 338 B.R. 383, 388-89 (B.A.P. 8th Cir. 2006); In re Mingueta, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006).

A bankruptcy petition is rarely viewed as a desirable event and it is rarely filed until some financial sword of Damocles has fallen or is about to fall. Filing a bankruptcy petition is usually a matter of last resort. It is typically associated with a foreclosure, repossession, lawsuit, etc. Hence, most, if not every debtor, could show that some impending financial crisis precipitated the filing of a petition.

However, in drafting section 109(h)(3)(A)(i), Congress could not have intended that exigent circumstances be satisfied merely by pointing to some impending financial crisis. Otherwise, any debtor could easily establish that there is an exigent circumstance, rendering the requirement superfluous.

Therefore, the court concludes that a debtor is not merely required to show some impending event that would not allow him to obtain credit counseling before filing. Such a debtor must also explain why he waited until the last minute to obtain counseling.

While the debtor has explained the impending event that he viewed as requiring the filing of a petition no later than May 11, he has failed to explain why he waited until the last minute


to seek counseling.

The foreclosure began months ago. The debtor had ample time to plan for the worst. Also, given that the negotiations for the 60-day voluntary postponement of the foreclosure sale fell apart approximately three days before the petition date, the debtor had no excuse for waiting until the last minute to seek credit counseling. And, the debtor knew the last day to reinstate the loan for weeks.

However, even if this court followed those courts concluding that, without regard to a debtor's diligence, the mere existence of a financial crisis is an exigent circumstance, the court would still find and conclude that the debtor's circumstances were not exigent.

The foreclosure was not set to conclude until May 17. The debtor knew on May 8, when negotiations broke down, that the foreclosing creditor would grant no extensions. The petition was filed on May 11. Whether the debtor requested counseling on May 10 or May 11 is somewhat unclear. Nonetheless, the debtor was able to receive the briefing on May 12, within one or two days of his request.

Given that the briefing eventually was obtained in one or two days after the debtor's request, and given that the financial crisis came to a head on May 8, it is clear that the debtor could have requested a briefing on May 8, 9, 10, 11, 12, and 15, and possibly May 16 [this sequence of dates excludes the weekend of May 13 and 14], obtained the briefing, and then filed the petition before the May 17 foreclosure.

///

While the debtor asserts that he would have lost the right to reinstate the loan on May 12, the loss of that right is irrelevant in the context of a chapter 11 case. CAL. CIV. CODE § 2924c(e) entitles a borrower/trustor to reinstate a debt secured by real property until 5 business days before the sale set in a notice of sale. Assuming Saturday, May 13 was a business day [see CAL. CIV. CODE §§ 7, 7.1, 9, & 11], arguably May 11 was the last date the debtor could reinstate.

However, if the debtor had filed a petition after the reinstatement period expired, say on May 16, and after receiving a briefing, the debtor still would be entitled to "decelerate" the loan in his chapter 11 plan. 11 U.S.C. § 1124(2) permits a chapter 11 plan to reverse a contractual or legal acceleration of a loan. See e.g., Great W. Bank & Trust v. Entz-White Lumber & Supply (In re Entz-White Lumber & Supply), 850 F.2d 1338 (9th Cir. 1988). In order words, the deadline set by section 2924c(e) means nothing in chapter 11.

Accordingly, the court finds that the debtor has not demonstrated exigent circumstances for purposes of section 109(h)(3)(A)(i).

Further, the Certification also fails to satisfy section 109(h)(3)(A)(ii). The Certification does not state that the debtor requested counseling, but was unable to obtain a briefing for five days, starting on the day of the request. The Certification does not even disclose when the debtor first requested a credit counseling briefing.

Assuming that the request for a credit counseling briefing was made on May 10 or May 11 (the petition date), and assuming

the debtor could prove an exigent circumstance, the debtor was not eligible to file a petition for five days following his request.

A certificate of exigent circumstances must show, in addition to some looming exigent circumstance, that the debtor diligently attempted to obtain credit counseling but was unable to receive counseling within five days of the request for the counseling. See In re Burrell, 339 B.R. 664 (Bankr. W.D. Mich. 2006). The request for counseling must be made at least five days prior to filing the petition. See In re Dansby, 340 B.R. 564, 568 (Bankr. D.S.C. 2006); In re Cleaver, 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005); In re Talib, 335 B.R. 424, 427 (Bankr. W.D. Mo. 2005); In re Wallert, 332 B.R. 884, 890 (Bankr. D. Minn. 2005).

The court agrees with those cases holding that the five-day period must elapse before the debtor may file a petition.

First, section 109(h) requires a briefing before the petition was filed.

> It appears that the intent of Congress was to require individuals to consider an alternative to bankruptcy prior to the petition date and to discourage hasty filings. This goal is not accomplished if the individual waits until just before the petition date to seek credit counseling. Dismissal may be a harsh result for debtors who wait until the last minute to deal with this issue of eligibility; however, the statute appear to be designed to encourage debtors to be proactive about their financial situation and deal squarely with their insolvency at least five days before they seek relief in this Court. See Wallert, 332 B.R. at 890. Further, allowing a debtor to wait until just before the petition to ask for credit counseling may lead to illogical results. For example, if a debtor waits until as late as the petition date to request credit counseling and the credit counseling agency is diligently able to provide counseling within five days of the request, then the debtor would not be

```
        eligible to seek a waiver under § 109(h)(3) and is not
        eligible for relief under Title 11 pursuant to §
        109(h)(1) and the case must be dismissed.  However, if
        the credit counseling were not available until six days
        after the request, then the same debtor may be eligible
        for a waiver under § 109(h)(3)(A).  The Court does not
        believe that Congress intended such an arbitrary result
        but rather intended that each debtor request credit
        counseling at least five days before filing for
        bankruptcy to allow for careful consideration of
        alternatives.
```

In re Dansby, 340 B.R. at 568.

Second, if Congress had intended to permit a debtor to file a petition without waiting five days, section 109(h)(3) would specify that the debtor must complete counseling within 5 days after the filing of the petition.  There is nothing in section 109(h)(3) susceptible to such an interpretation.

Finally, and as noted above, the debtor was able to obtain credit counseling within one or two days of his request. Counseling, then, was available within 5 days.

Based on the foregoing, the Certification is not satisfactory to the court for purposes of section 109(h)(3)(A)(iii).

Now, the court turns to whether the debtor's failure to obtain credit counseling requires dismissal.

Although Judge Klein did not issue a written ruling in In re Echols, S&R has provided this court with the transcript from the hearing on the United States Trustee's motion to dismiss.  The United States Trustee sought dismissal on the same grounds as here.  In denying the motion to dismiss, Judge Klein made several points.

Judge Klein first analyzed whether the requirement of credit counseling under section 109(h)(1) is jurisdictional or is

"merely an essential element to the filing of the petition." He analogized it to the eligibility requirement of section 109(g), concluding that neither of the requirements are jurisdictional "in the sense of the bankruptcy case being invalid the moment the case was filed."

While section 109 specifies the debtors who are eligible for relief under each chapter of the Bankruptcy Code, prior to BAPCPA courts generally did not treat the eligibility requirements of section 109 as jurisdictional. That is, if a party in interest did not raise a debtor's eligibility at some point during the case, they could be precluded from raising the issue. See e.g., In re Wenberg, 902 F.2d 768 (9th Cir. 1990), *affirming*, 94 B.R. 631 (B.A.P. 9th Cir. 1988); Promenade National Bank v. Phillips (In re Phillips), 844 F.2d 230 (5th Cir. 1988).

In reaching this conclusion, Judge Klein also relied on a Supreme Court case, Arbaugh v. Y&H Corporation, 126 S. Ct. 1235 (2006), where the court dealt with the distinction between elements to a claim for relief and jurisdictional requirements. Judge Klein focused on the absence of references to dismissal for want of jurisdiction in section 109(h) and in the dismissal provision, 11 U.S.C. § 707.

In other words, Judge Klein uses Arbaugh to conclude that section 109(h)(1) is an essential element to the filing of the petition and not a jurisdictional requirement. In Arbaugh, the court pointed out that, as opposed to jurisdictional requirements, elements to a claim for relief can be waived and cannot be disputed after trial.

///

This court agrees with Judge Klein's conclusion that the requirement of credit counseling is not jurisdictional.

But, neither the debtor in this case, nor S&R, have established why a conclusion that credit counseling is not jurisdictional should preclude this court from dismissing this case.  The debtor filed the instant bankruptcy petition on May 11, 2006 and the United Stated Trustee filed her motion to dismiss on June 2, 2006, only 22 days after the petition date.  This was before the meeting of creditors, scheduled for June 15.  This is much earlier than the request for dismissal in Arbaugh.  There are no facts present in this case that convince the court that the United States Trustee has failed to bring her motion to dismiss in a timely fashion.

Judge Klein goes on to note in Echols that dismissal of the case would deny the estate the opportunity to exercise its avoidance powers and recover pre-petition transfers made by the debtor.  To the extent that Judge Klein relied only upon this fact to not dismiss the petition in Echols, this court respectively disagrees.

The lesson of Arbaugh is that, when the failure to seasonably raise a debtor's eligibility, a nonjurisdictional defect, results in material prejudice to third parties, the United States Trustee or some other party in interest requesting dismissal has waived, or will be estopped to assert, that defect.

The fact that the debtor does or fails to do something, like obtain credit counseling, to the prejudice of creditors is not enough to prevent the United States Trustee from raising the debtor's eligibility.  The United States Trustee will be estopped

only if her conduct causes prejudice to others.

If the rule were otherwise, the credit counseling requirement would be a requirement if it burdened only the debtor and not the creditors. Section 109(h) has been added to the Bankruptcy Code because, in the judgment of Congress, creditors as well as debtors are best served if individual debtors consult a credit counselor before filing a bankruptcy petition. The bankruptcy court is not given the option of waiving counseling if it believes the interests of creditors are best served by ignoring the requirement.

This court concludes that, even if section 109(h)(1) is not jurisdictional and therefore may be waived, sufficient time has not expired, nor events transpired, such that the United States Trustee should be precluded from challenging the eligibility of the debtor under section 109(h).

While this court may agree that section 109(h)(1) is not a jurisdictional requirement, this does not necessarily mean that the court should not dismiss the case for non-compliance with section 109(h)(1). See In re Seaman, 340 B.R. 698, 700, 707 (Bankr. E.D.N.Y. 2006). Individuals who did not obtain credit counseling pre-petition and do not qualify for an exemption from the counseling requirement are not eligible to be debtors. See 11 U.S.C. § 109(h)(1); In re Seaman, 340 B.R. at 700, 707; In re Mingueta, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006) (stating that "[a]bsent strict compliance with § 109(h), individual debtors are ineligible for bankruptcy relief."). And, if the court determines that an individual is ineligible to be a debtor, it must dismiss the case. See e.g., In re Seaman, 340 B.R. at 707.

When a seasonable motion to dismiss is filed, other than granting the exemptions permitted by subsections 109(h)(2), (h)(3), and (h)(4), the court may neither waive the credit counseling requirement, nor use Fed. R. Civ. P. 60(b) to excuse the failure to obtain counseling. In re Sukmungsa, 333 B.R. 875, 879, 880 (Bankr. D. Utah 2005) (rejecting the debtors' attempt to excuse their failure to comply with section 109(h)(1) as excusable neglect under Rule 60(b)).

The court also rejects S&R's argument that it can appoint a trustee rather than dismiss the case. 11 U.S.C. § 1104(a)(3) gives the court the option of appointing a trustee whenever there are grounds for dismissal under 11 U.S.C. § 1112. However, when a debtor is not eligible for bankruptcy relief, the court cannot and should not permit that debtor to remain in bankruptcy, whether or not appointment of a trustee is warranted.

For example, an insurance company is not eligible for bankruptcy relief. See 11 U.S.C. § 109(b)(2). If an insurance company filed a petition, that petition would be dismissed if dismissal was requested by a party in interest. The court could not ignore the insurance company's ineligibility and appoint a trustee rather than dismiss the case.

The same is true here. The debtor is not eligible for bankruptcy relief because he did not obtain a credit counseling briefing before he filed the petition. He remains ineligible whether or not the appointment of a trustee is warranted.

Consider the issue in the chapter 7 context. A trustee is automatically appointed in a chapter 7 case. See 11 U.S.C. § 701. If an individual debtor files a chapter 7 petition without

-13-

first obtaining the briefing, the petition is not rescued simply because there is a trustee. The debtor is not eligible for chapter 7 relief. The result should be no different in the chapter 11 context.

The petition will be dismissed. The debtor did not obtain pre-petition credit counseling before filing this petition and he does not qualify for any of the exemptions permitted by section 109(h). Hence, he is ineligible to be a debtor.

Counsel for the United States Trustee shall lodge a proposed order dismissing the petition.

Dated: 3 July 2006

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Charles Rathbun
2445 Oro Dam Blvd #4
Oroville, CA 95966

Estela Pino
4600 Northgate Blvd #215
Sacramento, CA 95834

Frederick Schill
2068 Talbert Dr #300
Chico, CA 95928

George Hollister
3415 American River Dr #B
Sacramento, CA 95864-4417

Stohlman and Rogers, Inc.
PO Box 510
Marysville, CA 95901

Richard Shields
1055 Ohio St
Gridley, CA 95948

Office of the U.S. Trustee
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: July 3, 2006

_____
Susan C. Cox
Judicial Assistant to Judge McManus